## No. 803
### ROSENSTIHL et v. CHERRY
No. 19324. Supreme Court

On motion to certify. Dock. Aug. 14, 1925; 3 Abs. 530.

**1027. RES ADJUDICATA**—Should adjudication in former suit apply to present action where the basis of action in each suit are different and when parties in former are not identical with those in latter?

The action in the Hancock Court of Appeals was one by Rose Rosenthal against Frank Cherry to quiet title to a strip of land 24 inches wide by 200 feet in length. Cherry is an adjoining proprietor on the east and has a deed from Henry Flater for lot 661.

The strip in dispute is claimed by Cherry because the original plat of said lot ·661, includes by a late survey, 18 inches of land in dispute and the remaining 6 inches is claimed because said survey shows square in which lots are located overruns two feet which should be apportioned among the four lots included in the square.

Rosenstihl derives title by devise and through agreement between the then owners fixing the line where it is claimed by them to be and also by adverse possession of 24 years since the line was established. The decree in the lower court gave Rosenstihl six of the 24 inches.

It is claimed that the Court of Appeals erred in allowing Rosenstihl only 6 inches and the remaining 18 inches to Cherry basing its decree upon a former order under the doctrine of res adjudicata. In the Supreme Court it is contended that the former suit was instituted by Henry Flater for the purpose of curing a number of defects in title against numerous defendants among whom were one of the Rosenstihls and her predecessor in title. It is urged therefore that the parties in that suit were not identical with the parties in the present suit.

Suit by Flater was not brought to establish a line between the then adjoining owners; and to give it that effect is to find that something was litigated in that case which the record and finding shows was not intended to be and was not in fact litigated and thus by construction to deprive Rosenstihls of their property without a hearing. It is claimed if it had been intended to establish a new line so as to include lands not in possession, the action should have been one in ejectment and not a suit to quiet title.

Had the plaintiff in the Flater case attempted to quiet his title to the lands in dispute, his action would have been dismissed because he was not in possession. 57 OS. 471. The questions of title to lands out of possession and which are now in dispute was not therefore adjudicated in the Flater case and hence that case could not bar the present action.

It is contended that the parties themselves never construed the decree as changing the established line as fixed by the partition fence: not only showing that the fence was accepted as the line, but also that it was not the purpose of that suit to change the line so established, and this intention, if there is any ambiguity, should be given effect.

Attorneys—John E. Betts, Axline & Pendleton for Rosenstihl; Rose J. Wetheraldt for Cherry; all of Findlay.

## No. 804
### GERTZ, Admx. v. VARWIG, et
No. 19331. Supreme Court

On motion to certify. Dock. Aug. 17, 1925; 3 Abs. 530.

**1106. STATUTE OF FRAUDS**—Is an oral agreement of a person to make his will devising his real estate to another in consideration of an immediate transfer of property to him, such ·as involves the statute of frauds?

Henrietta Varwig et al brought their action in the Mercer Common Pleas against Minnie Gertz, administratrix of the estate of H. Wm. Meyers, seeking specific performance of an oral contract to make a will bequeathing real and personal property to them. Varwig set forth that Meyers in consideration for the conveyance of certain real estate to him, verbally promised the Varwigs that he would make a will and in the event he died unmarried and childless he would bequeath all his real and personal property to them.

The case was appealed to the Court of Appeals which entered judgment in favor of the Varwigs. From this judgment the case is filed in the Supreme Court on motion to certify and it is there contended:

That a verbal promise in the alternative to compensate a party by will, either in land or money is within section five of the statute against frauds and perjuries; and where the agreement sued on is within such statute, and it is fairly to be inferred from the petition that it is not in writing, the defense of the statute is available on demurrer. Havard v. Brouwer, 37 OS. 402. It is further claimed that this question is properly raised by demurrer for though, by demurring, the defendant admits the verbal agreement set up in the petition, he is nevertheless entitled to the protection of the statute, having claimed such protection in his demurrer which in this respect would be treated like an answer.

The fraud claimed ·in this case is the act of Meyer in revoking the will which he made at the time Varwigs conveyed their land to him (1909). This was a mere breach of an assumption it is claimed, that he would not revoke the will. There is nothing alleged in the petition in which it is claimed that the will was not revokable. On inspection of the will in question it advises the court that no reference is made to any contract. There is no claim in the petition that there was any written memorandum made of any contract, because it is specifically stated therein that the contract was in parol.

It is claimed that the Court of Appeals judgment plainly indicated that the fact that Meyer took possession of the land deeded to him was such as to take the case of the statute of frauds. It is contended that it isn't the party to be charged therewith that must take possession to take the case out of the statute, but it is the party claiming benefit of the oral contract who must take possession of the land sought to be recovered in order to take the case out of the statute.

It is the contract or some memorandum thereof signed by the party to be charged that must be in writing, therefore the fact that Meyer went into possession of the lands conveyed to him under his deed is of no consequence.

Attorneys—Loree & Kloeb for Gertz; Myers & Myers for Varwig et; all of Celina.